[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Cincinnati Police Specialist Middendorf was driving home from work when Defendant-appellant Moser, traveling in the opposite direction, made a U-turn in front of him. According to Middendorf's testimony in the trial court, Moser's car "fishtailed" during the U-turn and almost struck the curb of the far right lane. Middendorf said that he had been driving in the left lane, and that he had had to brake to avoid a collision with Moser. Also, according to Middendorf's testimony, there was a car in the right lane and slightly ahead of him that had to brake even harder to avoid a collision. Since he was off duty and in his personal car, Middendorf broadcast a general request to stop Moser. Another officer responded to the call, stopped Moser, and after a brief discussion with Middendorf and Moser, the responding officer cited Moser for an improper U-turn.
In the trial court, Moser contested his citation pro se. He and his wife, who had been a passenger in the car, both testified that their car had not "fishtailed," and that he had made the U-turn with a safe distance between their car and the two on-coming cars. They were not aware that the on-coming cars had slowed at all in response to Moser's turn. Moser's wife also stated that she had not been concerned for her safety at any time during the U-turn. Moser further testified that his car was old, had over 150,000 miles on the engine, and simply could not have made the kind of quick U-turn described by Middendorf.
The trial court found Moser guilty, and he now appeals, raising three assignments of error. First, Moser alleges that the trial court erred in failing to recognize that his right to due process had been violated when he made an oral request for the name of the driver of the other on-coming car and it was not provided to him. Second, Moser contends that the decision of the trial court was against the manifest weight of the evidence. Finally, Moser complains that the state failed in its burden of proof. We assume by this assignment of error that Moser means that there was insufficient evidence to convict him. We overrule all three assignments of error and affirm the judgment of the trial court.
First, Moser claims that his right to due process was violated because the state did not give him the name of the driver of the other on-coming car before whom Moser had made his U-turn. Presumably, Moser believes that that driver would have offered exculpatory evidence at trial. But there is nothing in the record to suggest that the state knew who the driver was. And the state could not have divulged what it did not know, even if the state were required to respond to an oral motion for discovery. Further, the police are not authorized to stop drivers near the vicinity of a traffic stop to secure witnesses as a service to the person ticketed. Moser's first assignment of error is overruled.
Moser was found by the trial court to have violated Section 506-87 of the Cincinnati Municipal Code. That section states in pertinent part that "[n]o vehicle shall be turned so as to proceed in the opposite direction * * * unless such movement can be made in safety and without * * * otherwise interfering with traffic." Moser contends that his conviction was against the manifest weight of the evidence. We disagree.
A challenge that the trial court's finding of guilt was against the manifest weight of the evidence requires us to weigh the evidence and all reasonable inferences, to consider witness credibility, and to determine whether, in resolving conflicts in the evidence, the trial court lost its way and created a manifest miscarriage of justice.[1] The trial court did not lose its way by finding Moser guilty of an improper U-turn. There was direct testimony from an off duty officer that he and the car next to him had had to brake when Moser made a U-turn in front of them. Moser introduced no evidence at trial directly in conflict with that testimony. He and his wife only testified that they believed that they had maintained a safe distance in negotiating the U-turn. Obviously, the margin of safety was less than they had believed it was, and Moser interfered with on-coming traffic. Moser's second assignment of error is overruled.
Finally, Moser believes that there was insufficient evidence for him to have been convicted. A challenge to the sufficiency of the state's evidence requires that we view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found Moser guilty.[2] We hold that Middendorf's testimony, if believed, was sufficient to have supported Moser's conviction. Middendorf testified that he and the car to his right were required to brake to prevent a collision with Moser's car. Thus, Moser, in negotiating his U-turn, interfered with on-coming traffic. Moser's third and final assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed, and a certified copy of this Judgment Entry shall constitute the mandate to be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See State v. Thompkins (1997), 78 Ohio St.3d 380, 387,678 N.E.2d 541, 546-547, quoting State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720.
[2] See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, citing Jackson v. Virginia (1979),443 U.S. 307, 99 S.Ct. 2781.